SHAVERS v STATE HIGHWAY COMMISSIONER

Statutes—Construction—Constitutional Law—Transportation
Funds—Mass Transit—Gasoline Taxes.

A provision of a statute creating, from a portion of the state
gasoline tax, a state fund to be used for mass transit systems is
not unconstitutional when read in context with the entire
statute because its purpose is to insure the statutorily pre-
scribed use of general transportation funds (MCLA 247.660b,
247.660e[1] [c] [vi]).

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 March 15, 1974, at Detroit.
(Docket No. 17868.) Decided May 2, 1974. Leave to
appeal denied, 392 Mich —.

Complaint by Catherine Shavers and others
against the State Highway Commission for declar-
atory judgment on the constitutionality of a stat-
ute. Portions of statute declared constitutional and
portions of statute declared unconstitutional. De-
fendant appeals. Reversed.

*Haynes, Donnelly & Tilles, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Louis J. Caruso*
and *Francis J. Carrier,* Assistants Attorney Gen-
eral, for defendants.

Before: J. H. Gillis, P. J., and Quinn and Bash-
ara, JJ.

Quinn, J. By this class action, plaintiffs sought a

REFERENCE FOR POINTS IN HEADNOTE
73 Am Jur 2d, Statutes § 122.

declaratory judgment on the constitutionality of 1972 PA 326, being MCLA 207.102; MSA 7.292, and 1972 PA 327, being MCLA 247.659a et seq; MSA 9.1097(9a) et seq. The judgment of the trial court declared unconstitutional MCLA 247.660e(1)(c)(vi); MSA 9.1097(10f)(1)(c)(vi) but upheld the balance of the act and awarded *pro bono publico* attorney fees to plaintiffs. Defendants appeal.

1972 PA 326 increased the state gasoline tax to nine cents per gallon. 1972 PA 327 established the motor vehicle highway fund which was to receive the revenue from the gasoline tax and other revenue. PA 327 also provided for distribution of the highway fund, and a portion thereof went to the general transportation fund, also created by PA 327 within the motor vehicle highway fund.

The general transportation fund was created and was to be used for what has come to be known as "mass transit". (See MCLA 247.660b; MSA 9.1097[10c].) MCLA 247.660e; MSA 9.1097(10f) specifies the priorities in the use of the general transportation fund, and (1)(c) of this section reads:

"To pay current administrative, operating and maintenance costs, including cost of replacement of equipment and acquisition of existing public transportation facilities, of existing or new urban public transportation systems, where needed to cover operating costs which achieve the objectives in subsection (2) of section 10d. Operating and maintenance costs shall include maintenance and repair costs and sufficient funds shall be used for this purpose in order to maintain rolling equipment in mechanically sound condition. For providing public transportation in accordance with their urban public transportation plan, each eligible authority or eligible governmental agency shall be deemed to qualify for a minimum annual grant in accordance with a formula as given in paragraphs (i), (ii) and (iii) below:"

Subsection (vi) under section (1)(c) is the portion of the statute ruled unconstitutional by the trial court, and it reads:

"Funds shall not be made available under this subsection to an eligible authority when any transit vehicle is used for transporting school children in any manner other than in the regular course of operation along regularly scheduled route service to the general public or for charter service for field trips, athletic events, or other special activities on an irregular schedule not a part of the daily routine of school operation or for charter service to transport handicapped children who cannot use public transportation."

Plaintiffs take the position that the last quoted subsection "is unconstitutional in that it denies equal protection of the law; is ambiguous, vague and broad and is discriminatory, constituting state action forbidden by the Fourteenth Amendment of the Federal constitution".

In its opinion, the trial court stated:

"This court can conceive of no other purpose for the enactment of section 10e(1)(c)(vi) of this act, other than penalizing agencies, firms, corporations, or companies, that are engaged in transporting school children under the existing laws, along with perpetrating the segregated status of some school systems."

Read out of context, subsection (vi) may support the foregoing finding of the trial court. However, read in context with the entire 1972 PA 327, and especially in context with the priorities-in-use section under which subsection (vi) appears, we find that the purpose of this subsection is to insure the statutorily prescribed use of general transportation funds. So read, subsection (vi) does not offend the constitution, and *State Bar of Michigan v City of Lansing,* 361 Mich 185; 105 NW2d 131 (1960),

requires this reading. The result we have reached obviates discussion of the propriety of the award of attorney fees to plaintiffs.

Although the question was not raised below or on appeal and the answer to it is not now required for this decision, we express grave doubt that this action was appropriate as a class action for declaratory relief, see GCR 1963, 521.1.

Reversed in all respects but without costs, a public question being involved.

All concurred.